L. Seville PARKS, Plaintiff–Appellant,

v.

Debra BROOKS; E.K. McDaniel; Todd Hink; Paul Hunt; E.K. McDaniel; Brian Mullins; Dwight Nevin; Calvin Peck; Leona Riches; Kenneth Ross; James Stogner, Defendants–Appellees.

No. 06–15822.

United States Court of Appeals, Ninth Circuit.

Argued May 8, 2008.

Resubmitted Oct. 30, 2008.

Filed Dec. 2, 2008.

Wendy J. Ray, Morrison & Foerster, LLP, Los Angeles, CA, for Plaintiff–Appellant.

L. Seville Parks, Ely, NV, pro se.

Matthew G. France, Nhu Q. Nguyen, Nevada Attorney General, Carson City, NV, for Defendants–Appellees.

Before: W. FLETCHER and GOULD, Circuit Judges, and POLLAK,* Senior District Judge.

---

* The Honorable Louis H. Pollak, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

MEMORANDUM **

▪ L. Seville Parks ("Parks") appeals the district court's grant of defendants' motion for summary judgment on his claim that defendants impermissibly denied him a kosher diet in violation of his sincerely-held religious beliefs.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand.[2]

We review de novo a district court's grant of summary judgment. *Blanford v. Sacramento County,* 406 F.3d 1110, 1114 (9th Cir.2005). "Viewing the evidence in the light most favorable to the nonmoving party, ... and drawing all reasonable inferences in favor of that party, we must determine whether the district court correctly applied the relevant substantive law and whether there are any genuine issues of material fact." *Galvin v. Hay,* 374 F.3d 739, 745 (9th Cir.2004).

▪ Parks argues that the sincerity of his alleged religious belief is a question of material fact that was inappropriately decided on summary judgment. We agree. "To merit protection under the free exercise clause of the First Amendment, a religious claim"(1) "must be sincerely held" and (2) "must be rooted in religious belief". *Malik v. Brown,* 16 F.3d 330, 333 (9th Cir.1994). "Determining whether a claim is 'rooted in religious belief' requires analyzing whether the plaintiff's claim is related to his sincerely held religious belief." *Id.* Because we conclude that the sincerity of Parks' alleged religious belief cannot be determined without a factual determina-

tion, there being a genuine issue of fact on the record before us, summary judgment was inappropriate. *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) ("[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but determine whether there is a genuine issue for trial.").

▪ Further, Parks contends that the district court erred in refusing to consider the prison administrative regulation under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). We agree. Admittedly, Parks did not cite RLUIPA in his pro se complaint. "Specific legal theories need not be pleaded so long as sufficient factual averments show that the claimant may be entitled to some relief." *Fontana v. Haskin,* 262 F.3d 871, 877 (9th Cir.2001). As long as the defendant "receives notice of what is at issue in the case," there is no need to specifically identify the statutory or constitutional source of the claim raised. *See Sagana v. Tenorio,* 384 F.3d 731, 736–37 (9th Cir.2004). Although Parks did not specify a RLUIPA claim in his complaint, Parks pled facts sufficient to state a RLUIPA claim, he cited RLUIPA as a supporting citation when referencing "the RLUIPA claim," he cited RLUIPA in a subsequent affidavit, and later referenced RLUIPA in his opposition to defendants' motion for summary judgment. Given the lenience due pro se litigants and the sufficiency of his factual

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. Subsequently, Defendants began providing Parks with kosher meals. The fact that Plaintiff–Appellant Parks now receives kosher meals does not moot his claim for damages. *Outdoor Media Group, Inc. v. City of Beau-*

*mont,* 506 F.3d 895, 902 (9th Cir.2007) ("A plaintiff seeks damages for past violations of [his] rights; this violation is not mooted by a promise not to repeat the alleged conduct in the future.").

2. Because the parties are familiar with the factual and procedural history of this case, we do not recount it in detail here.

pleading, we conclude that the record discloses sufficient notice and pleading of a RLUIPA claim, and its standards should have been considered.

REVERSED and REMANDED.